The document below is hereby signed.

Signed: March 07, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LEONARD ALFRED CARPENTER, | ) | Case No. 10-00572 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| THOMAS COFFIN WILCOX, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 10-10048 |
| | ) | |
| LEONARD A CARPENTER, | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER REGARDING DEFENDANT'S
MOTION TO DISMISS

The plaintiffs commenced the above-captioned adversary proceeding by the filing of a two-count nondischargeability complaint on September 13, 2010. In count I, plaintiff Mamie Wyatt seeks a determination that a judgment entered in her favor in the Superior Court of the District of Columbia against the defendant, Leonard A. Carpenter, is nondischargeable pursuant to

11 U.S.C. § 523(a)(2)(A).  In count II, plaintiff Thomas C. Wilcox asks that the court declare that a fine imposed on the defendant by the D.C. Superior Court and payable to plaintiff Wilcox is nondischargeable pursuant to 11 U.S.C. § 523(a)(7).[1]

On October 19, 2010, defendant filed a motion styled Debtor's Motion to Dismiss Complaint, for a More Definite Statement, and/or for Summary Judgment (Dkt. No. 7).  In response to the motion, plaintiffs filed an amended complaint and an opposition on October 27, 2010.  For reasons explained in more detail below, the court will deny the motion for a more definite statement as moot, grant the motion to dismiss count I without

---

[1] The plaintiffs do not cite the precise statutory basis for Wyatt's claim under section 523, but the amended complaint alleges that Carpenter made a material misrepresentation that proximately damaged Wyatt.  The court views this as an attempt to plead a claim of nondischargeability under section 523(a)(2)(A).  Wilcox makes clear in his opposition to the defendant's motion that his claim rests on section 523(a)(7).  Although the amended complaint bears the title of Amended Complaint to Bar Discharge and Determine Dischargeability, and cites 11 U.S.C. § 727 as a basis for jurisdiction, neither count of the amended complaint requests such relief, and no basis is alleged for denying a discharge.  The amended complaint will be dismissed with prejudice as to any claim under § 727.

prejudice pursuant to Federal Rule of Civil Procedure 9(b), and grant the motion to dismiss count II pursuant to Rule 12(b)(6).[2]

I

Defendant has moved for a more definite statement with respect to count I on the ground that the complaint fails to plead with particularity the circumstances constituting fraud under the heightened pleading standards of Federal Rule of Civil Procedure 9(b).  Because plaintiff Wyatt filed an amended complaint containing additional allegations of fraud shortly after defendant filed his motion, the court denies defendant's motion for a more definite statement as moot.  Defendant alternatively asserts that if plaintiff Wyatt is unable to plead her allegations with the requisite particularity, the court should dismiss count I pursuant to Rule 9(b).  The court shall accordingly examine the amended complaint to determine whether

---

[2] While the defendant seeks summary judgment as to count II, the motion does not require the court to consider materials outside the pleadings, and therefore it shall be treated as a Rule 12(b)(6) motion to dismiss.  See Schwartz v. Compagnie General Transatlantique, 405 F.2d 270, 273 (2d Cir. 1968) ("A motion for summary judgment may be made solely on the pleadings, when it is so made it is functionally the same as a motion to dismiss or a motion for judgment on the pleadings." (internal quotation marks omitted)); see also 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2713 (3d ed. 1998) ("[A] summary-judgment motion may be made on the basis of the pleadings alone, and if this is done it functionally is the same as a motion to dismiss for failure to state a claim or for a judgment on the pleadings.") (footnotes collecting cases omitted).

plaintiff Wyatt's allegations of fraud satisfy the requirements of Rule 9(b).

Plaintiff Wyatt alleges that a judgment entered in her favor for unlicensed contracting in D.C. Superior Court against the defendant is nondischargeable under 11 U.S.C. § 523(a)(2)(A) because the debt was procured by fraud.  Under 11 U.S.C. § 523(a)(2)(A), a chapter 7 discharge:

> (a) ... does not discharge an individual debtor from any debt--
>
> ...
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition....

11 U.S.C. § 523(a)(2)(A) (2006).  Federal Rule of Civil Procedure 9(b), made applicable here through Federal Rule of Bankruptcy Procedure 7009, contains heightened pleading requirements when a complaint alleges fraud.  Rule 9(b) requires that the circumstances constituting fraud be pled with particularity. Fed. R. Bankr. P. 7009.  To satisfy this requirement, the amended complaint must state "the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud."  Firestone v. Firestone, 76 F.3d 1205, 1211 (D.C. Cir. 1996) (quoting Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1278 (D.C. Cir. 1994).

4

The amended complaint incorporates by reference the following factual findings made by the D.C. Superior Court in issuing a judgment for plaintiff Wyatt:[3]

>    1.   In June, 2002, plaintiff Wyatt entered into an oral contract with defendant Carpenter, under which he agreed to perform certain renovation work at plaintiff's home located at 1631 Lange Place, NE, in the District of Columbia, for $12,500.  Mr. Carpenter represented that he was associated with an entity called C&C Home Improvement.
>
>    2.   Carpenter agreed to remodel the kitchen, redo the floor, and replace and/or install new appliances, including a washer/dryer, electric range, and a water heater.  By mid-June, he had gutted the kitchen area, and had removed an adjoining dining room wall.
>
>    3.   Plaintiff paid defendant $4500 by check dated July 7, 2002, and an additional $6000 by check dated July 8, 2002.  In addition, she paid him $115 for certain supplies several days later.
>
>    4.   Based on the evidence submitted, the court finds that neither Carpenter no[r] C&C Home Improvement held a District of Columbia home renovation license at the time this oral contract was made and the payments referred to above paid.

(Pls.' Am. Compl. ¶ 12.)  The amended complaint then alleges the following with respect to the defendant's misrepresentations:

>    14.  Mr. Carpenter made material misrepresentations as to the existence of a home improvement license.  Specifically, at several times in

---

[3] The factual findings were contained in the Findings of Fact, Conclusions of Law and Judgment of the D.C. Superior Court in plaintiff Wyatt's civil action against defendant for unlicensed contracting.  This document was attached as Exhibit A to the plaintiffs' original complaint.

5

>           June 2002, Mr. Carpenter stated he and C&C
>           Improvements had a home improvement license.
>
>     15.   Ms. Wyatt relied on these representations in
>           paying Mr. Carpenter for his work, and was
>           proximately damaged by the same via the damage
>           done to her home by Mr. Carpenter.[4]

(Am. Compl. ¶¶ 14-15.)

While the amended complaint states the time and content of the false misrepresentations, the fact misrepresented, and what was given up as a result of the fraud, Firestone, 76 F.3d at 1211, it does not allege where the defendant's misrepresentation was made, and accordingly fails to satisfy Rule 9(b)'s requirement to plead the circumstances constituting fraud with particularity.  In addition to its particularity requirement, Rule 9(b) further provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Bankr. P. 7009.  The amended complaint, however, does not contain any allegations concerning the defendant's state of mind when he made the alleged misrepresentations to plaintiff Wyatt. Therefore, the court shall grant the defendant's motion to dismiss count I with leave to amend to address the deficiencies identified above.

---

[4] The findings of fact of the D.C. Superior Court detail the damage done to plaintiff Wyatt's home by the defendant. See (Pls.' Compl. Ex. A, §§ 6-8.)

6

II.

Defendant has moved to dismiss count II on the ground that it fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), made applicable here through Federal Rule of Bankruptcy Procedure 7012.  Under 11 U.S.C. § 523(a)(7), a chapter 7 discharge:

> (a) ... does not discharge an individual debtor from any debt--
>
> ...
>
> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty--
> ....

11 U.S.C. § 523(a)(7) (2006).  The amended complaint alleges that plaintiff Wilcox "is an unsecured creditor via an order directing Carpenter to pay him $3000 in attorneys fees and fine[s] issued by the DC Superior Court in March 2010...." (Pls.' Am. Compl. ¶ 4.)  A copy of that order was attached as Exhibit B to the original complaint and incorporated into the amended complaint by reference.  Under the D.C. Superior Court order, defendant's fine was explicitly payable to plaintiff Wilcox, rather than a governmental unit.  In his motion to dismiss, defendant asserts that this fact precludes the debt from falling within the § 523(a)(7) exception to discharge.

The purpose of a Rule 12(b)(6) motion is "to test the legal sufficiency of the complaint."  Kingman Park Civic Ass'n v.

7

Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003).  In deciding a motion to dismiss, although the court "must construe the allegations and facts in the complaint in the light most favorable to the plaintiff ...," Gustave-Schmidt v. Chao, 226 F.Supp.2d 191, 195 (D.D.C. 2002), the complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007), and "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint ... [nor must it] accept legal conclusions cast in the form of factual allegations." Kowal, 16 F.3d at 1276.  In deciding a Rule 12(b)(6) motion to dismiss, "the [c]ourt may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the [c]ourt may take judicial notice." Gustave-Schmidt, 226 F.Supp.2d at 196.

In his response to the defendant's motion to dismiss, plaintiff Wilcox cites four cases for the proposition that a fine or penalty need not be payable to a governmental unit in order to be nondischargeable under § 523(a)(7).  See U.S. Dep't of Hous. & Urban Dev. V. Cost Control Mktg. & Sales Mgmt. Of Va., Inc., 64 F.3d 920, 928 (4th Cir. 1995) ("[S]o long as the government's interest in enforcing a debt is *penal*, it makes no difference that injured persons may thereby receive compensation for

pecuniary loss."; In re Allison, 176 B.R. 60, 64 (Bankr. S.D. Fla. 1994) (when imposed to vindicate dignity and authority of court, "a fine or penalty need not be *payable* to a governmental entity in order to be for the *benefit* of a governmental agency."); In re Winn, 92 B.R. 938, 940 (Bankr. M.D. Fla. 1988) (daily contempt fine not payable to governmental unit held to be nondischargeable because it was imposed to vindicate the dignity and authority of the court); In re Marini, 28 B.R. 262, 265-66 (Bankr. E.D.N.Y. 1983) (fact that fine for contempt of court was payable directly to plaintiff was not relevant to determining dischargeability under § 523(a)(7)).  However, in Hughes v. Sanders, 469 F.3d 475, 478-79 (6th Cir. 2006), the Sixth Circuit Court of Appeals, relying on the plain language of § 523(a)(7), disagreed with the reasoning of those cases in holding that a fine or penalty must be both payable to **and** for the benefit of a governmental unit to be nondischargeable.  (emphasis added). Other cases have also relied on the plain meaning of the statute in concluding that the penalty or fine must be payable to and for the benefit of a governmental unit.  See, e.g., In re McDowell, 415 B.R. 612, 616-17 (Bankr. S.D. Fla. 2008) (citing cases).  The court agrees with the approach of these courts in interpreting § 523(a)(7) according to its plain language and shall do so here. See Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) ("It is well established that when the statute's language is plain, the sole

function of the courts - at least where the disposition required by the text is not absurd - is to enforce it according to its terms.") (internal quotation marks omitted) (quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000).

Section 523(a)(7) is unambiguous and requires that a fine or penalty must be payable to **and** for the benefit of a governmental unit.  See 11 U.S.C. § 523(a)(7) (emphasis added).  The statute sets forth the following four requirements that must be met in order for a debt to be nondischargeable: (1) the debt must be a fine, penalty, or forfeiture; (2) it must be payable to a governmental unit; (3) it must be payable for the benefit of a governmental unit; and (4) it must not be compensation for actual pecuniary loss.  In the instant case, the order of the D.C. Superior Court, incorporated in plaintiffs' amended complaint by reference, stated explicitly that the defendant's fine was payable to plaintiff Wilcox, not a governmental unit.  Therefore, plaintiff Wilcox cannot state a claim for which relief can be

granted.[5]  Accordingly, the court shall dismiss count II of the amended complaint with prejudice.

### III.

Pursuant to the foregoing, it is

ORDERED that the defendant's motion for a more definite statement is denied as moot.  It is further

ORDERED that count I of plaintiffs' amended complaint is dismissed with leave to file a second amended complaint within 14 days after entry of this order.  It is further

ORDERED that count II of plaintiffs' amended complaint and any claim for denial of discharge under 11 U.S.C. § 727 are dismissed with prejudice.

[Signed and dated above.]

Copies to:
All counsel of record.

---

[5] Even if the debt had been payable to a governmental unit, it would nonetheless fail to satisfy the requirements of § 523(a)(7).  The amended complaint alleges that the amount defendant was ordered to pay plaintiff Wilcox included attorneys fees and fines.  Therefore, to the extent that the debt was in the form of compensation to plaintiff Wilcox for attorneys fees, it was not for the benefit of a governmental unit. See Hughes, 469 F.3d at 479 (penalty not for benefit of governmental unit because judgment was for amount calculated to compensate plaintiff for damages, attorneys fees, and costs).  In addition, to the extent that the debt was compensatory, it cannot satisfy the final requirement of § 523(a)(7) requiring that the penalty or fine is not compensation for actual pecuniary loss.  See id.