**The document below is hereby signed.**

**Dated: November 29, 2011.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                           )
                                                )
LEONARD ALFRED CARPENTER,                       )   Case No. 10-00572
                                                )   (Chapter 7)
          Debtor.                               )
_____            )
                                                )
THOMAS COFFIN WILLCOX, *et*                     )
*al.*,                                          )
                                                )
          Plaintiffs,                           )
                                                )   Adversary Proceeding No.
     v.                                         )   10-10048
                                                )
LEONARD A. CARPENTER,                           )   **Not for Publication in**
                                                )   **West's Bankruptcy Reporter**
          Defendant.                            )

MEMORANDUM DECISION AND ORDER
<u>DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES</u>

This addresses the defendant Carpenter's motion for attorney's fees.

I

The motion will be denied as out of time.  Under LBR 7054-2, the motion was required to be filed within 21 days after the entry of the judgment in this adversary proceeding.  The judgment

was entered on July 15, 2011.  Carpenter sought an extension of 15 days and later sought an extension until August 23, 2011, to file his "statement of costs."  On August 23, 2011, he filed his attorney's billing records which were docketed by the attorney as "Bill of Costs Filed by Leonard A Carpenter."  On August 30, 2011, the court dismissed that document as not in procedurally correct form.  The court denied the motions to extend time "without prejudice to his refiling the request upon his filing of a procedurally correct bill of costs or motion for attorney's fees, as the case may be."  Any motion under Fed. R. Civ. P. 59 to amend the August 30, 2011 order was required to be filed within 14 days or by September 13, 2011.

     Carpenter filed his motion for attorney's fees on October 6, 2011.  He has not requested a further extension of time to file the motion, and has not offered any explanation for why he has waited until 37 days after the court dismissed the document docketed as a "Bill of Costs" to file the motion for attorney's fees.  Because the time to file a request for attorney's fees expired prior to October 6, 2011, Rule 9006(b)(1) would permit the court to grant an enlargement of time only if "the failure to act was the result of excusable neglect."  No extension of time having been sought, this motion for attorney's fees must be denied as untimely, without prejudice to renewal if an extension of time is sought and obtained.

II

I think it is appropriate to discuss my thoughts on the merits in order to assist the parties in attempting to resolve this matter by agreement depending, first, on their evaluation of the likelihood of Carpenter's being allowed to file a motion for fees out of time.

The claims based on 11 U.S.C. §§ 523(a)(7) and 727 are not a basis for recovering fees under 11 U.S.C. § 523(d). That leaves Wyatt's § 523(a)(2) claims.

The dismissal of part of Wyatt's § 523(a)(2) claims pursuant to the court's decision of July 8, 2011, was based on a pure question of law that the Ninth Circuit has characterized as a "somewhat close question." That question has never been answered in the D.C. Circuit. Even after that partial dismissal, Wyatt's claims based on actual losses suffered for incompetent work remained. Many lay persons would think that being a licensed home improvement contractor is an imprimatur of competence. Wyatt arguably ought not be punished for having thought that her losses arose from the allegedly false representation if she viewed such representation as implicitly representing that Carpenter was a competent home improvement contractor, one without whom she might not have dealt if he had been truthful about whether he was licensed.

Moreover, the court's decision partially dismissing the

§ 523(a)(2) claims was entered at 7:10 p.m. on July 8, 2011. That left Wyatt's counsel with only July 9, 2011 before the trial on July 10, 2011, to explore the issue of whether Carpenter had engaged in any criminal violation which would be necessary to demonstrate that there was a proximate loss arising from the alleged false representation, namely, the loss arising from the lack of a bond required of a licensed contractor that would cover any losses arising from a criminal violation.  At trial, Wyatt's counsel argued that a failure to complete a home improvement contract is punishable as a crime, and that damages arising therefrom could therefore be a basis for suing upon the bond that a licensed home improvement contractor is required to hold.[1] Even if that theory could be demonstrated to be in error, the shortness of time to react to the court's July 9, 2011 decision may be a special circumstance that justifies not awarding fees for having to proceed to trial after the dismissal of part of the § 523(a)(2) claims.

Wyatt failed to appear at trial to establish that there had been a false representation, but there may be an explanation why she failed to appear, and her failure to appear does not establish that she was not substantially justified in alleging

---

[1] The court notes that the Superior Court found that no permit was obtained for the construction work.  Whether that would constitute a criminal violation by Carpenter has not been addressed by the parties.

4

that there was a misrepresentation (although it does raise a rebuttable presumption that she had no basis for making that allegation). Finally, Carpenter's attorney, Andre P. Barber, Esq., has not filed a Rule 2016(b) statement showing how much he was being compensated in this adversary proceeding. If Barber persists in not filing a Rule 2016(b) statement showing his fees, he ought not get fees; Carpenter could be made whole by way of a disgorgement of fees, so that he would not need to look to Willcox for attorney's fees.

                                III

In accordance with the foregoing, it is

ORDERED that Carpenter's motion for attorney's fees is denied as filed out of time without a motion to extend time having been filed.

                                      [Signed and dated above.]

Copies to:
All counsel of record.